## Smith, Jr. v. W. C. Hutcherson & Co., et al.

(Decided February 29, 1924.)

### Appeal from Hickman Circuit Court.

1. Appeal and Error—Pleading—Averments Evidentiary Only Should be Stricken but are Not Prejudicial.—The court erred in overruling a motion to strike averments which were simply evidentiary, but the presence of such averments could not have been prejudicial if no prejudicial evidence was admitted.

2. Pleading—No Error in Admitting Evidence Competent as to Issue Not Submitted to Jury.—There was no error in admitting evidence which was competent as to an issue formed by the pleadings, even though neither party asked to have that issue submitted to the jury.

3. Appeal and Error—Admission of Evidence Held Harmless when Not Bearing on Issue Submitted.—There was no prejudicial error in the admission of evidence on an issue not submitted to the jury as to unsuitability of plans for a building prepared by plaintiff for defendant, as the evidence could not possibly have any bearing or effect upon the issue submitted as to the terms of the contract.

BRADSHAW & McDONALD for appellant.

JOE W. BENNETT, BENNETT, ROBBINS & ROBBINS and J. D. VIA for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By this action the plaintiff, now appellant G. Tandy Smith, Jr., sought to recover of appellees, a partnership, the sum of $1,100.00 alleged to be the balance due him upon a contract by which he was to draw plans and specifications for and supervise the construction of a store building in Clinton, Kentucky, and to receive for his services an amount equal to five per cent of the lowest contractor's bid for the construction of the building.

Defendants admitted employing plaintiff to draw plans for and to supervise the construction of a two story brick building upon their lot in Clinton, but denied the alleged terms of the contract, and averred that it was agreed that the building was not to cost over $13,500.00, and that plaintiff's fee of 5% was dependent upon a bid to build the building not in excess of that amount; that the plans and specifications prepared by plaintiff were negligently, unskillfully, and fraudulently drawn for a building that could not be constructed for less than $30,000.00, for the purpose of increasing the amount of his fee, and that when defendants learned of this fact they refused to accept or use the plans or construct a building in accordance therewith.

The only issue submitted to the jury, which found for the defendants, was whether the contract was as alleged by plaintiff or the defendants.

Upon this issue the proof was contradictory, and there is no claim that the verdict is flagrantly against the proof upon that issue. The two grounds urged for a reversal are, that the court erred in overruling plaintiff's motion to strike certain averments from defendants' answer and counterclaim, and in the admission of some of the same averments as evidence.

These averments were evidentiary simply in so far as pertinent at all, and the court erred in overruling the motion to strike, but their presence in the answer could not have been prejudicial, and we need only consider whether their admission as evidence was prejudicial error.

None of this evidence related to or was competent upon the issue as to the terms of the contract which alone was submitted to the jury, but most of it was competent upon the issue formed by the pleadings as to whether the plans and specifications prepared by plain-

tiff and rejected by defendants were negligently, unskill-fully, and fraudulently prepared by plaintiff for the purpose of increasing the amount of his fee. It results, therefore, that so much of it as was relevant and competent upon that issue was properly admitted, even though neither party asked to have that issue submitted to the jury.

It consisted in the main of a comparison between the building planned by plaintiff and the one constructed by defendants upon plans prepared by another at a cost of $13,700.00, and containing about the same facilities as the one planned by plaintiff to cost about $30,000.00; and, in so far as it had a tendency to prove that the building planned by plaintiff was unnecessarily expensive and unsuited for the small town in which it was to be erected and the purposes it was intended to serve, we think it was admissible.

Counsel seemingly admit that it would have been competent to prove the same thing by expert witnesses, but insist it was incompetent to prove it by comparison with a building actually constructed by defendants to suit their needs and purposes in having the plans drawn by plaintiff, or to allow a carpenter and a contractor to testify that the building constructed was as suitable and more practicable for the desired purposes than the one planned by plaintiff. Even if it might be admitted that such evidence could be given only by experts and that an experienced carpenter and contractor could not qualify as such, which is at least doubtful, we are yet of the opinion that its admission could not possibly have had any bearing or effect upon the trial of the issue as to the terms of the contract which alone was submitted to the jury and that its admission if error was not prejudicial.

Perceiving no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.